IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | |
|---|---|
| SUKENIA MARSHALL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:06CV973-ID ) ) Plaintiff Demands a Trial By Jury |
| GLOVIS ALABAMA, LLC and ELLIS ALBRIGHT | ) ) ) |
| Defendants. | ) ) |

2006 OCT 27 P 12:51

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney's fees for the sexual harassment suffered by Plaintiff Sukenia Marshall (hereinafter "Plaintiff") and her discharge by Defendant Glovis Alabama, LLC (hereinafter "Defendant Glovis").

### II. JURISDICTION

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq. and the Civil Rights Act of 1991, 42 USC § 1981a.

3. Jurisdiction is invoked pursuant to 28 USC § 1343(4) and 42 USC § 2000e-5(f), and a right to sue letter was issued by the Equal Employment Opportunity Commission (EEOC) the 27th day of July, 2006, a true and accurate copy of which is attached hereto as Exhibit 1, based upon a charge affidavit timely filed with the EEOC, a true and accurate copy copy is attached hereto as Exhibit 2.

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 USC §§ 2201, 2202 and 24 USC § 2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 USC § 1981a.

5. Costs and attorneys fees may be awarded pursuant to 42 USC § 2000e-5(k) and Fed R of Civ P 54.

6. Jurisdiction is also based on on the pendent jurisdiction of this Court to entertain claims arising under state law.

### III. VENUE

7. This action properly lies in the Middle District of Alabama, Montgomery Division, pursuant to 29 USC § 1391(b), because the claim arose in this judicial district, and pursuant to 42 USC § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

### IV. PARTIES

8. Plaintiff is citizen and resident of the United States and Lowndes County, Alabama and is a female.

9. Defendant Glovis is an employer that engages in an industry affecting commerce, and, upon information and belief employs between fifteen (15) and one-hundred (100) regular employees.

10. Defendant Ellis Albright (hereinafter "Defendant Albright") at all time relevant to this action was employed by Defendant Glovis as a supervisor and is a male.

## V. FACTS

11. On or about June 20, 2005, Plaintiff was employed by Defendant Glovis.

12. Defendant Albright, Plaintiff's immediate supervisor, made inappropriate unwelcomed sexual remarks to Plaintiff regarding her body.

13. On a continuous basis, Plaintiff was subjected to Defendant Albright's unwelcome conduct which included grabbing her clothes and making sexual remarks regarding her underwear.

14. On all occasions, Plaintiff asked Defendant Albright not not to touch her or speak to her inappropriately.

15. As a result, Defendant Albright began to make Plaintiff's job more difficult.

16. On July 20, 2005, Plaintiff informed Dave Harris, the Plant Manager, and Liz Linderman of Human Resources about Defendant Albright's conduct.

17. Plaintiff was told that she was free to leave work on July 20, 2005 and stated that she would return the following Monday. Liz Linderman responded, "That's fine." Plaintiff left work and returned on Monday, July 21, 2005. Plaintiff worked for four hours on July 21, 2005 and was told by Dave Harris that she was terminated for job abandonment due to her leaving work on July 20, 2005.

## VI. COUNT ONE

### NEGLIGENT SUPERVISION

18. Plaintiff realleges and incorporates by reference, paragraphs one (1) through seventeen (17) of this complaint as if fully set out herein.

19. At all times relevant to this complaint, Defendant Albright was working as a supervisor for Defendant Glovis.

20. Defendant Glovis failed to exercise reasonable care by failing to properly train Defendant Albright on the Defendant Glovis's sexual harassment policies.

21. Defendant Glovis's failure to train Defendant Albright of said policies caused Plaintiff to suffer harm as a result of Defendant Albright's abuse of his supervisory authority.

22. At all times relevant hereto, Defendant Albright was acting within the line and scope of his employment with Glovis Alabama, LLC. Defendant Ellis Albright's acts were in furtherance of Glovis Alabama's business. In the alternative, Glovis Alabama, LLC ratified said acts of Defendant Albright.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for such sums of damages in the amount of $150,000.00.

## VII. COUNT TWO

## INVASION OF PRIVACY

23. Plaintiff realleges and incorporates by reference, paragraphs one (1) through twenty-two (22) of this complaint as if fully set out herein.

24. On or about the 24th day of June, 2005 through the 20th day of July, 2005, Defendant Albright did invade Plaintiff's privacy by wrongfully intruding upon the Plaintiff's solitude or seclusion and Plaintiff's private activities in such a manner as to cause mental suffering, shame, humiliation to a person of ordinary sensibilities, in that Defendant Albright did ask Plaintiff the color her her undergarments.

25. Defendant Albright continued to subject Plaintiff to several occasions of wrongful

4

intrusion even after she continuously rejected his sexual advances and asked Defendant Albright not to touch or talk to her.

26. At all times relevant hereto, Defendant Albright was acting within the line and scope of his employment with Glovis Alabama, LLC. Defendant Albright's acts were in the furtherance of Glovis Alabama's business. In the alternative, Defendant Glovis, LLC ratified the said acts of Defendant Ellis Albright.

27. Plaintiff claims punitive damages of the Defendants.

28. As a proximate result of Defendant Albright's said invasion of Plaintiff's privacy, Plaintiff was caused to suffer the following injuries and damages: emotional distress, mental anguish, shame, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for such sums of damages in the amount of $275,000.00.

## VIII. COUNT THREE

### ASSAULT AND BATTERY

29. Plaintiff realleges and incorporates by reference, paragraphs one (1) through twenty-eight (28) of this complaint as if fully set out herein.

30. On or about the 24th day of June, 2005, Defendant Albright did commit assault and battery against Plaintiff. Defendant Albright intended to touch and did touch the Plaintiff in a harmful and offensive manner that was unwelcome by Plaintiff.

31. Defendant Albright made inappropriate and unwelcomed sexual remarks to Plaintiff and grabbed Plaintiff's clothing in a hostile manner in order to make a harmful and offensive

contact with Plaintiff's body.

32. At all times relevant hereto, Defendant Albright was acting within the line and scope of his employment with Glovis Alabama, LLC. Defendant Albright's acts were in the furtherance of Glovis Alabama's business. In the alternative, Defendant Glovis, LLC ratified said the acts of Defendant Ellis Albright.

33. As a result of said assault and battery, Plaintiff was caused to suffer the following injuries and damages: emotional distress, mental anguish, shame, humiliation, and embarrassment.

34. Plaintiff claims punitive damages of the Defendants.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for such sums of damages in the amount of $250,000.00.

## IX. COUNT FOUR

### RETALIATION

35. Plaintiff realleges and incorporates by reference, paragraphs one (1) through thirty-four (34) of this complaint as if fully set out herein.

36. On or about the 21st day or July, 2005, Defendant Dave Harris unlawfully terminated Plaintiff's employment with Glovis Alabama, LLC solely because Plaintiff reported the incident of Defendant Albright's misconduct while working as a supervisor for Glovis Alabama, LLC.

37. Plaintiff was pretextually terminated for job abandonment after she was expressly given permission by the appropriate authority to leave work early on the 20th day of July, 2006.

38. Plaintiff claims punitive and compensatory damages of the Defendants.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for such sums of damages in the amount of $500,000.00.

## X. PRAYER FOR RELIEF

39. Wherefore, Plaintiff prays that this Court :

   a. declare the conduct engaged in by Defendants to be in violation of Plaintiff's rights;

   b. enjoin Defendants from engaging in such conduct;

   c. restore Plaintiff to her rightful position at Glovis, in lieu of restatement, order front salary and benefits for the period remaining until normal retirement.

   d. award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period, or front salary and benefits accrual.

   e. award Plaintiff compensatory and punitive damages in the amount of $1,175,000.00.

   f. award Plaintiff cost and attorneys fees; and

   g. grant such relief as it may deem just and proper.

## XI. JURY DEMAND

40. Plaintiff demands a trial by jury.

Respectfully Submitted,

_____
Dwayne Brown, BRO149
Attorney for Plaintiff

**Of Counsel:**

Law Office of Dwayne L. Brown, P.C.
Post Office Box 230205
Montgomery, AL 36123-0205
Telephone: (334) 277-3757
Facsimile: (334) 277-3613
E-Mail: dbrown@dbrownatty.com

# Exhibit 1

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Sukenia Marshall<br>193 Hulett Corner<br>Hayneville, AL   36040 | From: | Equal Employment Opportunity<br>Commission-Birmingham District<br>Office -Ridge Park Place, Suite 2000 -<br>1130 - 22nd Street, South- Birmingham,<br>AL 35205 |
|---|---|---|---|

RECEIVED JUL 3 1 2006

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130 2006 00961 | Lourdes C. Rowland, Investigator | (205)212-2057 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
Bernice Williams-Kimbrough, District Director

2 7 JUL 2006
(Date Mailed)

Enclosure(s)

cc: Dwayne L. Brown, Attorney
5925 Carmichael Road, Suite C
Montgomery, AL   36117

Christopher S. Enloe, Attorney
Nelson Mullins
999 Peachtree Street, NE - 14th Floor
Atlanta, GA   30309-3964

# Exhibit 2

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>130-2006-00961 |
|---|---|---|

_____ and EEOC
*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| Ms. Sukenia Marshall | (334) 563-9921 | 02-15-1980 |

| Street Address | City, State and ZIP Code |
|---|---|
| 193 Hulett Corner, Hayneville, AL 36040 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| GLOVIS ALABAMA. LLC | 15 - 100 | (334) 244-2025 |

| Street Address | City, State and ZIP Code |
|---|---|
| 300 Hyundai Blvd, Montgomery, AL 36105 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)* | Earliest: 07-21-2005   Latest: 07-21-2005<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with the above-named employer on June 20, 2005. On June 24, 2005, in the break down department Mr. Ellis Albright, supervisor of the lower level began making inappropriate remarks to me about my figure and size. On a continuous basis I was subjected to Mr. Albright's unwelcome physical conduct (i.e. grabbing me by my belt loops pulling me toward him, asking me the color of my panties). I asked Mr. Albright on several occasions not to touch me or talk to me inappropriately. After rejecting Mr. Albright sexual advances, he began to retaliate by making my job difficult. On July 20, 2005, I informed Mr. Albright's supervisor, Mr. Dave Harris and Ms. Liz Linderman of human resources about Mr. Albright's unwelcome conduct. Mr. Harris with Ms. Linderman as a witness, informed me that on Monday, July 21, 2005, I would be going to 2nd shift. I then turned to Ms. Liz Linderman and asked her if I could leave and informed her that I would be back on Monday. Although Ms. Linderman said, "that's fine" after working four hours on July 21, 2005, Mr. Dave Harris, Plant Manager, terminated me for job abandonment on July 20, 2005.

I believe I have been discriminated against because of my sex, female, and subjected to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe my discharge was in retaliation for reporting my supervisor for his inappropriate conduct.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12-8-05   *Sukenia Marshall* (signature)<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |