IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

RECEIVED

2006 OCT 30 P 3: 50

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| SUKENIA MARSHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GLOVIS ALABAMA, LLC and | ) |
| ELLIS ALBRIGHT | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No. 2:06cv973-ID

Plaintiff Demands a Trial By Jury

## AMENDED COMPLAINT

### I. PRELIMINARY STATEMENT

1.    This action seeks declaratory, injunctive and equitable relief, compensatory and punitive

damages, and costs and attorney's fees for the sexual harassment suffered by Plaintiff

Sukenia Marshall (hereinafter "Plaintiff")  and her discharge by Defendant Glovis

Alabama, LLC (hereinafter "Defendant Glovis").

### II. JURISDICTION

2.    This action arises under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq.

and the Civil Rights Act of 1991, 42 USC § 1981a.

3.    Jurisdiction is invoked pursuant to 28 USC § 1343(4) and 42 USC § 2000e-5(f).

4.    Declaratory, injunctive, and equitable relief is sought pursuant to 28 USC §§ 2201, 2202

and 24 USC § 2000e-5(g).  Compensatory and punitive damages are sought pursuant to

42  USC § 1981a.

1

5.    Costs and attorneys fees may be awarded pursuant to 42 USC § 2000e-5(k) and Fed R of
      Civ P 54.

6.    Jurisdiction is also based on the pendent jurisdiction of this Court to entertain claims
      arising under state law.

### III. <u>VENUE</u>

7.    This action properly lies in the Middle District of Alabama, Montgomery Division,
      pursuant to 29 USC § 1391(b), because the claim arose in this judicial district, and
      pursuant to 42 USC § 2000e-5(f)(3), because the unlawful employment practice was
      committed in this judicial district.

### IV. <u>PARTIES</u>

8.    Plaintiff is citizen and resident of the United States and Lowndes County, Alabama and
      is a female.

9.    Defendant Glovis is an employer that engages in an industry affecting commerce, and
      upon information and belief, employs between fifteen (15) and one-hundred (100) regular
      employees.

10.   Defendant Ellis Albright (hereinafter "Defendant Albright") at all time relevant to this
      action was employed by Defendant Glovis as a supervisor and is a male.

### V. <u>FACTS</u>

11.   On or about June 20, 2005, Plaintiff was employed by Defendant Glovis.

12. Defendant Albright, Plaintiff's immediate supervisor, made inappropriate, unwelcomed sexual remarks to Plaintiff regarding her body.

13. On a continuous basis, Plaintiff was subjected to Defendant Albright's unwelcome conduct, which included grabbing her clothes and making sexual remarks regarding her underwear.

14. On all occasions, Plaintiff asked Defendant Albright not to touch her or speak to her inappropriately.

15. As a result, Defendant Albright began to make Plaintiff's job more difficult.

16. On July 20, 2005, Plaintiff informed Dave Harris, the Plant Manager, and Liz Linderman of Human Resources about Defendant Albright's conduct.

17. Plaintiff was told that she was free to leave work on July 20, 2005 and stated that she would return the following Monday. Liz Linderman responded, "That's fine." Plaintiff left work and returned on Monday, July 21, 2005. Plaintiff worked for four hours on July 21, 2005 and was told by Dave Harris that she was terminated for job abandonment due to her leaving work on July 20, 2005.

## VI. COUNT ONE

### NEGLIGENT SUPERVISION

18. Plaintiff realleges and incorporates by reference, paragraphs one (1) through seventeen (17) of this complaint as if fully set out herein.

19. At all times relevant to this complaint, Defendant Albright was working as a supervisor for Defendant Glovis.

3

20. Defendant Glovis failed to exercise reasonable care by failing to properly train Defendant Albright on the Defendant Glovis's sexual harassment policies.

21. Defendant Glovis's failure to train Defendant Albright of said policies caused Plaintiff to suffer harm as a result of Defendant Albright's abuse of his supervisory authority.

22. At all times relevant hereto, Defendant Albright was acting within the line and scope of his employment with Glovis Alabama, LLC. Defendant Ellis Albright's acts were in furtherance of Glovis Alabama's business. In the alternative, Glovis Alabama, LLC ratified said acts of Defendant Albright.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for such sums of damages in the amount of $150,000.00.

## VII. COUNT TWO

## INVASION OF PRIVACY

23. Plaintiff realleges and incorporates by reference, paragraphs one (1) through twenty-two (22) of this complaint as if fully set out herein.

24. On or about the 24th day of June, 2005 through the 20th day of July, 2005, Defendant Albright did invade Plaintiff's privacy by wrongfully intruding upon the Plaintiff's solitude or seclusion and Plaintiff's private activities in such a manner as to cause mental suffering, shame, humiliation to a person of ordinary sensibilities, in that Defendant Albright did ask Plaintiff the color her her undergarments.

25. Defendant Albright continued to subject Plaintiff to several occasions of wrongful intrusion even after she continuously rejected his sexual advances and asked Defendant Albright not to touch or talk to her.

4

26.    At all times relevant hereto, Defendant Albright was acting within the line and scope of

his employment with Glovis Alabama, LLC. Defendant Albright's acts were in the

furtherance of Glovis Alabama's business. In the alternative, Defendant Glovis, LLC

ratified the said acts of Defendant Ellis Albright.

27.    Plaintiff claims punitive damages of the Defendants.

28.    As a proximate result of Defendant Albright's said invasion of Plaintiff's privacy, Plaintiff

was caused to suffer the following injuries and damages: emotional distress, mental

anguish, shame, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for such sums

of damages in the amount of $275,000.00.


## VIII. COUNT THREE

### ASSAULT AND BATTERY

29.    Plaintiff realleges and incorporates by reference, paragraphs one (1) through twenty-eight

(28) of this complaint as if fully set out herein.

30.    On or about the 24th day of June, 2005, Defendant Albright did commit assault and

battery against Plaintiff. Defendant Albright intended to touch and did touch the Plaintiff

in a harmful and offensive manner that was unwelcome by Plaintiff.

31.    Defendant Albright made inappropriate and unwelcomed sexual remarks to Plaintiff and

grabbed Plaintiff's clothing in a hostile manner in order to make a harmful and offensive

contact with Plaintiff's body.

32.    At all times relevant hereto, Defendant Albright was acting within the line and scope of

5

his employment with Glovis Alabama, LLC. Defendant Albright's acts were in the furtherance of Glovis Alabama's business. In the alternative, Defendant Glovis, LLC ratified said the acts of Defendant Ellis Albright.

33.    As a result of said assault and battery, Plaintiff was caused to suffer the following injuries and damages: emotional distress, mental anguish, shame, humiliation, and embarrassment.

34.    Plaintiff claims punitive damages of the Defendants.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for such sums of damages in the amount of $250,000.00.

## IX. COUNT FOUR

### RETALIATION

35.    Plaintiff realleges and incorporates by reference, paragraphs one (1) through thirty-four (34) of this complaint as if fully set out herein.

36.    On or about the 21st day or July, 2005, Defendant Dave Harris unlawfully terminated Plaintiff's employment with Glovis Alabama, LLC solely because Plaintiff reported the incident of Defendant Albright's misconduct while working as a supervisor for Glovis Alabama, LLC.

37.    Plaintiff was pretextually terminated for job abandonment after she was expressly given permission by the appropriate authority to leave work early on the 20th day of July, 2006.

38.    Plaintiff claims punitive and compensatory damages of the Defendants.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for such sums of damages in the amount of $500,000.00.

6

## X. COUNT FIVE

### SEXUAL HARASSMENT

39. Plaintiff realleges and incorporates by reference paragraphs number one (1) through thirty-eight (38) of this Complaint as if fully set out herein.

40. Defendants' actions as stated above in paragraphs twelve (12) through seventeen (17) are in violation of Title VII of the Civil Rights Action of 1964, 42 USC § 2000e et seq.

41. Plaintiff claims compensatory and punitive damages of the Defendants.

   **WHEREFORE,** Plaintiff demands judgment against the Defendants for such sums of damages in the amount of $350,000.00.

## XI. PRAYER FOR RELIEF

42.   Wherefore, Plaintiff prays that this Court :

   a.   declare the conduct engaged in by Defendants to be in violation of Plaintiff's rights;

   b.   enjoin Defendants from engaging in such conduct;

   c.   restore Plaintiff to her rightful position at Glovis, in lieu of restatement, order front salary and benefits for the period remaining until normal retirement.

   d. award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period, or front salary and benefits accrual.

   e. award Plaintiff compensatory and punitive damages in the amount of

7

$1,525,000.00.

f. award Plaintiff cost and attorneys fees;  and

g. grant such relief as it may deem just and proper.

## XI. **JURY DEMAND**

43.    Plaintiff demands a trial by jury.

Respectfully Submitted,

Dwayne Brown, BR0149
Attorney for Plaintiff

**Of Counsel:**

Law Office of Dwayne L. Brown, P.C.
Post Office Box 230205
Montgomery, AL 36123-0205
Telephone: (334) 277-3757
Facsimile: (334) 277-3613
E-Mail: dbrown@dbrownatty.com

8