**ORIGINAL**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 NOV 20  P 2: 39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT

| | | |
|---|---|---|
| SUKENIA MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:06CV973-ID |
| v. | ) | |
| | ) | |
| GLOVIS ALABAMA, LLC and ELLIS | ) | |
| ALBRIGHT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER TO AMENDED COMPLAINT

COMES NOW Defendant Glovis Alabama, LLC ("Glovis" or "Defendant"), and files this Answer to Plaintiff's Amended Complaint:[1]

### I. PRELIMINARY STATEMENT

1.    Defendant admits that Plaintiff is seeking declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorneys' fees in this case, but denies that Plaintiff suffered sexual harassment or that Defendant otherwise engaged in or tolerated illegal conduct.

### II. JURISDICTION

2.    Defendant admits that Plaintiff has accurately cited the indicated statutes.

---

[1] Plaintiff sent Defendant Glovis both a Complaint filed October 27, 2006 and an Amended Complaint filed October 30, 2006. As the latter amends and supersedes the former, this Answer is directed to it.

~Doc# 710437.1~

3.    Defendant admits that Plaintiff has cited the relevant federal statutes concerning jurisdiction in this case.

4.    Defendant admits that Plaintiff is seeking the stated relief and damages in this case.

5.    Defendant admits that costs may be awarded to a prevailing party under Federal Rule of Civil Procedure 54, and that attorneys' fees may be awarded to a prevailing party pursuant to the stated statute, but denies that Plaintiff is entitled to either in this case.

6.    Defendant admits that the Court has pendent jurisdiction over Plaintiff's state law claims, and thus may hear those claims in this case.

### III. VENUE

7.    Defendant admits that venue lies in this district, but denies that it committed any unlawful employment practice.

### IV. PARTIES

8.    Defendant admits that Plaintiff is a citizen and resident of the United States and the State of Alabama, and is a woman.  Defendant is without sufficient knowledge to state whether Plaintiff is a citizen of Lowndes County, Alabama, and therefore denies that portion of this paragraph.

2

~Doc# 710437.1~

9.    Defendant admits that it is an employer that engages in an industry affecting commerce, and that it employed between fifteen (15) and one hundred (100) regular employees during Plaintiff's employment with the company.

10.    Defendant admits that Defendant Ellis Albright is a man, and that he was employed by Defendant while Plaintiff was employed by Defendant.  Defendant denies that Mr. Albright was employed as a supervisor.

## V.  FACTS

11.    Defendant admits that it hired Plaintiff on or about June 13, 2006.

12.    Plaintiff never informed Defendant of the misconduct alleged in this paragraph, and Defendant has no other knowledge of the alleged misconduct. Accordingly, Defendant denies the allegations in Paragraph 12.

13.    Plaintiff never informed Defendant of the misconduct alleged in this paragraph, and Defendant has no other knowledge of the alleged misconduct. Accordingly, Defendant denies the allegations in Paragraph 13.

14.    Plaintiff never informed Defendant of the misconduct alleged in this paragraph, and Defendant has no other knowledge of the alleged misconduct. Accordingly, Defendant denies the allegations in Paragraph 14.

15.    Plaintiff never informed Defendant of the misconduct alleged in this paragraph, and Defendant has no other knowledge of the alleged misconduct. Accordingly, Defendant denies the allegations in Paragraph 15.

~Doc# 710437.1~

16.    Plaintiff never informed Defendant of the misconduct alleged in this paragraph, and Defendant has no other knowledge of the alleged misconduct. Accordingly, Defendant denies the allegations in Paragraph 16.

17.    Defendant denies the allegations in Paragraph 17.  Plaintiff left her position without authorization on July 20, 2005 and thus was discharged for job abandonment on July 21, 2005.

## VI.  COUNT ONE: NEGLIGENT SUPERVISION

18.    Defendant incorporates by reference the answers to the preceding paragraphs of the Complaint as if fully set forth herein.

19.    Defendant denies the allegations in Paragraph 19.

20.    Defendant denies the allegations in Paragraph 20.

21.    Defendant denies the allegations in Paragraph 21.

22.    Defendant denies the allegations in Paragraph 22, and denies that Plaintiff is entitled to judgment against Defendant or an award of any damages against Defendant.

## VII.  COUNT TWO: INVASION OF PRIVACY

23.    Defendant incorporates by reference the answers to the preceding paragraphs of the Complaint as if fully set forth herein.

~Doc# 710437.1~

24.    Plaintiff never informed Defendant of the misconduct alleged in this paragraph, and Defendant has no other knowledge of the alleged misconduct. Accordingly, Defendant denies the allegations in Paragraph 24.

25.    Plaintiff never informed Defendant of the misconduct alleged in this paragraph, and Defendant has no other knowledge of the alleged misconduct. Accordingly, Defendant denies the allegations in Paragraph 25.

26.    Defendant denies the allegations in Paragraph 26.

27.    Defendant denies that Plaintiff is entitled to punitive damages on this claim or in this case.

28.    Defendant denies the allegations in Paragraph 28, and denies that Plaintiff is entitled to judgment against Defendant or an award of any damages against Defendant.

## VIII.  COUNT THREE: ASSAULT AND BATTERY

29.    Defendant incorporates by reference the answers to the preceding paragraphs of the Complaint as if fully set forth herein.

30.    Plaintiff never informed Defendant of the misconduct alleged in this paragraph, and Defendant has no other knowledge of the alleged misconduct. Accordingly, Defendant denies the allegations in Paragraph 30.

~Doc# 710437.1~

31.    Plaintiff never informed Defendant of the misconduct alleged in this paragraph, and Defendant has no other knowledge of the alleged misconduct. Accordingly, Defendant denies the allegations in Paragraph 31.

32.    Defendant denies the allegations in Paragraph 32.

33.    Defendant denies the allegations in Paragraph 33.

34.    Defendant denies that Plaintiff is entitled to punitive damages on this claim against Defendant or in this case, and denies that Plaintiff is entitled to judgment against Defendant or an award of any damages against Defendant.

## IX. COUNT FOUR: RETALIATION

35.    Defendant incorporates by reference the answers to the preceding paragraphs of the Complaint as if fully set forth herein.

36.    Defendant denies the allegations in Paragraph 36.

37.    Defendant denies the allegations in Paragraph 37.

38.    Defendant denies that Plaintiff is entitled to punitive or compensatory damages against Defendant or in this case, and denies that Plaintiff is entitled to judgment against Defendant or an award of any damages against Defendant.

## X. COUNT FIVE: SEXUAL HARASSMENT

39.    Defendant incorporates by reference the answers to the preceding paragraphs of the Complaint as if fully set forth herein.

40.    Defendant denies the allegations in Paragraph 40.

6

41.    Defendant denies that Plaintiff is entitled to compensatory or punitive damages against Defendant or in this case, and denies that Plaintiff is entitled to judgment against Defendant or an award of any damages against Defendant.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Title VII claims are barred, in whole or in part, because Plaintiff has not met some or all of the jurisdictional prerequisites or conditions precedent for filing suit.

### SECOND DEFENSE

Plaintiff's Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Defendant has engaged in good faith efforts to comply with federal anti-discrimination, anti-harassment and anti-retaliation laws, and thus may not be liable for punitive damages in this case.

### FOURTH DEFENSE

Plaintiff's Complaint is barred under Title VII to the extent issues or parties are raised or named herein that were not raised or named in Plaintiff's EEOC charges.

7

~Doc# 710437.1~

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

## SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## SEVENTH DEFENSE

All employment decisions affecting Plaintiff were made for legitimate, non-discriminatory and non-retaliatory reasons.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate her alleged damages.

## NINTH DEFENSE

Plaintiff's claims and remedies are barred, in whole or in part, because Defendant would have discharged Plaintiff absent any claimed unlawful motives if it had possessed full knowledge of the circumstances existing at the time of Plaintiff's discharge.

## TENTH DEFENSE

Plaintiff has failed to properly serve Defendant with service of process.

## XI.  PRAYER FOR RELIEF

42.    Wherefore, Defendant in this case respectfully requests that this court deny Plaintiff's prayer for relief and:

~Doc# 710437.1~

(i)     Dismiss Plaintiff's Complaint with prejudice;

(ii)    Enter judgment in favor of Defendant;

(iii)   Award Defendant its reasonable attorneys' fees, costs and

        expense pursuant to 42 U.S.C. § 1988 or otherwise; and

(iv)    Award Defendant any and all other relief that this court may

        deem necessary and proper.

9

Respectfully submitted this ＿１７＿ day of November, 2006.

**Nelson Mullins Riley & Scarborough LLP**

**Daniel M. Shea**
Georgia Bar No. 638800
**Christopher S. Enloe**
Georgia Bar No. 249155

999 Peachtree Street, N.E.
Suite 1400
Atlanta, Georgia 30309
Telephone:  (404) 817-6000
Facsimile:  (404) 817-6050

**ATTORNEYS FOR DEFENDANT
GLOVIS ALABAMA, LLC**

9

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| SUKENIA MARSHALL,             )<br>                         )<br>          Plaintiff,         )<br>                         )<br>    v.                        )<br>                         )<br>GLOVIS ALABAMA, LLC and ELLIS )<br>ALBRIGHT,                 )<br>                         )<br>        Defendants.      )<br>_____ ) | Civil Action No. 2:06CV973-ID |

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2006, a true and correct copy of the foregoing **ANSWER TO AMENDED COMPLAINT** was served on Plaintiffs' counsel of record via U.S. Mail, first class postage attached to ensure delivery, addressed as follows:

> Dwayne L. Brown, Esq.
> P.O. Box 230205
> Montgomery, AL 36123-0205

_____
Chris Enloe