UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| SUKENIA MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:06CV973-ID |
| v. ) | |
| ) | |
| GLOVIS ALABAMA, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff Sukenia Marshall and Defendant Glovis Alabama LLC, pursuant to Fed. R. Civ. P. 26(c), hereby move the Court to enter an agreed Protective Order in this matter. In support of their Joint Motion, the parties show the following:

1. The parties have agreed on a Protective Order to govern the production of certain narrowly defined documents and information in this case. The agreed Protective Order is attached hereto for the Court's consideration.

2. Confidential Material is defined in the agreed Protective Order as any testimonial, documentary or demonstrative evidence elicited during discovery in this case that a party contends in good faith:

(a) constitutes a "trade secret or other confidential research, development, or commercial information," as provided in Fed. R. Civ. P. 26; or

(b) constitutes personal, medical, or other private information concerning any person;

and which the designating party identifies as "Confidential Material" in writing or on the written record of a deposition.

3. Some of the documents and/or information sought by the parties through discovery is considered proprietary, trade secret, or confidential. Additionally, some of the documents and/or information sought contain personal or private information about individuals who have a reasonable expectation of privacy that should be respected.

4. The ability of the parties to litigate this case would not be unreasonably limited by entry of an agreed Protective Order.

WHEREFORE, the parties respectfully request that this Court grant their Joint Motion and enter the agreed Protective Order.

Respectfully submitted this 14th day of February, 2008.

_____
Dwayne L. Brown
Alabama Bar No. BRO149

P.O. Box 230205
Montgomery, AL 36123-0205
Telephone: (334) 277-3757
Facsimile: (334) 277-3613

Attorneys for Plaintiff

_____
**Chris Enloe**
Alabama Bar No. ENL001

Nelson Mullins Riley & Scarborough LLP

999 Peachtree Street, N.E.
Suite 1400
Atlanta, Georgia 30309
Telephone:  (404) 817-6000
Facsimile:   (404) 817-6050

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| SUKENIA MARSHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:06CV973-ID |
| v. | ) |
| | ) |
| GLOVIS ALABAMA, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PROTECTIVE ORDER

This matter is before the Court on the parties' Joint Motion for Entry of Protective Order, which Order would govern the use of certain discovery material in this case.

Because it appears that discovery in this case may involve the disclosure of trade secrets, proprietary and/or confidential information held by Defendant Glovis Alabama LLC, as well as private or personal information concerning the Plaintiff or other individuals;

The Court after considering the Motion and for good cause shown, is of the opinion that the Motion should be granted.

Therefore, it is **HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. All testimonial, documentary or demonstrative evidence elicited during discovery in this case that a party contends in good faith:

(a) constitutes a "trade secret or other confidential research, development, or commercial information," as provided in Fed. R. Civ. P. 26; or

(b) constitutes personal, medical, or other private information concerning any person;

and which the designating party identifies as "Confidential Material" in writing or on the written record of a deposition, shall be considered protected and shall not be shown, discussed or otherwise divulged to anyone not designated in paragraph 2B below.

The designating party shall have ten (10) business days from the date of this Order, or receipt of a deposition transcript or production of other evidence (whichever is later), to designate any portion of a deposition or evidence as Confidential Material. Until this ten (10) business days time period has passed, the entire deposition transcript or evidence shall be deemed Confidential Material.

Any party objecting to the designation of any information as Confidential Material or believing that any such designation is not made in good faith (collectively referred to as "objections") shall, within ten (10) days of receipt of any information designated as Confidential Material, attempt to resolve the matter

by setting forth in writing to opposing counsel the objection(s) and the reason(s) therefor. Any objection not resolved by the parties within ten (10) working days of the receipt of the objection may be raised with the Court by the party or parties challenging the designation. Pending the determination by the Court, the document or information in question shall retain its designation as Confidential Material and shall be entitled to protection pursuant to the terms of this Order. If the Court finds that a Confidential Material designation was not made in good faith, the challenging party may be entitled to reasonable attorneys' fees and costs incurred in challenging such a designation, at the Court's discretion.

2. The information described in Paragraph 1 shall be subject to the following restrictions:

    A. Confidential Material shall not be used for any purposes other than this case.

    B. No Confidential Material shall be given, shown, made available or communicated in any way to anyone other than the parties, Defendant's management level employees involved on Defendant's behalf in this case, counsel of record for the parties in this case, paralegals and/or their clerical or legal staff, consultants, expert witnesses, the Court (and persons assisting

the Court), and members of any jury impaneled in the course of judicial proceedings in this case.

C. If a party wishes to show Confidential Material to any person not covered by the preceding paragraph of this Protective Order, that party first must seek the permission of the opposing party in writing. If permission is denied, the party seeking permission may file a motion with the Court seeking the right to do so. If permission is granted (either by the other party or the Court), the party shall give a copy of this Protective Order to the person who will see the Confidential Material; that person shall review the Order, and agree in writing to be bound by it. A copy of the signed agreement to abide by this Order shall be produced to the other party within ten (10) days of its execution.

D. It is the responsibility of the parties' counsel in this litigation to maintain all Confidential Material in a secure and appropriate manner.

E. The parties agree to take reasonable steps to ensure that Confidential Material is not made part of the public record in

this case. In the event any party believes in good faith that any Confidential Material must be included with a paper filed with the Court, that party may seek permission from the Court to file such information under seal. The parties cannot file documents under seal without the prior approval of the Court.

F. Within thirty (30) days after the conclusion of this litigation, by settlement or adjudication, including any appellate proceedings, all Confidential Material produced by the Plaintiff or the Defendant (including any copies of it) shall be returned to the producing party, upon written or emailed request. The inadvertent or unintentional disclosure of any Confidential Material shall not be construed to be a waiver, in whole or in part, of the parties' claims of confidentiality either as to the specific protected information or document disclosed or as to any other related information.

G. The provisions of this Order shall survive and remain in full force and effect after the entry of Final Judgment, including any appellate proceedings in this case, whether by settlement or adjudication.

H. The agreement of the parties stipulated in this Order does not constitute an admission or agreement that any Confidential Material is subject to discovery, or is admissible as evidence, in this case. Designation of any Confidential Material shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of the Plaintiff or Defendant.

I. Nothing herein shall be deemed to restrict any party or its/his/her counsel with respect to: (a) their own documents and information; and (b) documents or information obtained from any source or person other than the other party or representatives or agents thereof, provided any such document and/or information was not illegally obtained by the original source.

J. The restrictions set forth in this Protective Order shall not apply to information that (a) is in the public domain at the time of disclosure, or (b) becomes part of the public domain through no fault of the receiving party.

3. In addition, all testimonial, documentary and demonstrative evidence elicited during discovery in this case, whether designated as confidential or not, shall be used solely in this case.

4. This Order is without prejudice to the right of any party to seek modification of this Order from the Court. The Court shall retain jurisdiction, both before and after the entry of Final Judgment in this case, whether by settlement or adjudication, to construe, enforce and amend the provisions of this Order.

**SO ORDERED,** this _____ day of _____, 2008.

_____
**UNITED STATES MAGISTRATE JUDGE**