UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| SUKENIA MARSHALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GLOVIS ALABAMA, LLC, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 2:06CV973-ID |

### DEFENDANT GLOVIS ALABAMA, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF DEFENDANT'S SUMMARY JUDGMENT MOTION

COMES NOW Defendant Glovis Alabama, LLC ("Glovis" or "Defendant"), and files its Response in Opposition to Plaintiff's Motion to Defer Consideration of Glovis' Motion for Motion for Summary Judgment and Partial Summary Judgment.[1]

Discovery in this case opened on or about March 20, 2007, when the Court issued its uniform scheduling order in the case. *See id.*. Thus, the parties have had almost eleven months to conduct discovery. Also, the Court set the summary judgment deadline of February 12, 2008 in that order, so the parties have known of that deadline for just as long.

Nonetheless, on February 14, 2008, two days after Defendant's Motion for Summary Judgment was filed in compliance with the uniform scheduling order, Plaintiff moved the Court to defer consideration of Glovis' timely filed summary judgment motion "pending the completion of discovery" – that is, until April 28, 2008.

---

[1] As an initial matter, counsel for Plaintiff did not seek consent from counsel for Glovis before filing the motion. Per section 8(B) of the uniform scheduling order, the motion may be denied on this basis alone. The motion also falls in the category of "eleventh hour" motions proscribed by the same section of the uniform scheduling order.

This request is contrary to the practice in this Court, and also ignores the large amount of time already given the parties to conduct discovery. *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (holding that summary judgment motion was not premature when filed a year after discovery had opened; in such circumstances, "no serious claim can be made that respondent was in any sense 'railroaded' by a premature motion for summary judgment.")

Further, Plaintiff has been aware of the identity of the three witnesses she now seeks to depose – Ellis Albright, Tim Ellis (actually Tim Wells), and Dave Harris – for years. Plaintiff named both Mr. Albright and Mr. Harris in her EEOC Charge in 2005, and then referred to both in her Complaint. *See* Complaint, and Exh. 2 to Complaint (12/8/05 EEOC Charge). Plaintiff named Mr. Wells, who worked with her at Glovis, as a witness in her Initial Disclosures. *See id.* at p. 2.

In short, the parties have known the relevant deadlines for close to a year, and the parties have known of the witnesses Plaintiff has yet to depose for even longer. Permitting Plaintiff to defer replying to Glovis' Motion for over two more months would make a mockery of the deadlines, and would have the effect of penalizing Glovis for abiding by the deadlines. It likely also would have the effect of forcing the Court to change the dates set in the uniform scheduling order for the pretrial hearing and trial – May 19, 2008 and June 23, 2008, respectively.

For the stated reasons, Glovis respectfully contends that Plaintiff's Motion should be denied.

Respectfully submitted this 20th day of February, 2008.

                                       **Nelson Mullins Riley & Scarborough LLP**

                                       _____
                                       Daniel M. Shea
                                       Christopher S. Enloe
                                       ENL001

999 Peachtree Street, N.E.
Suite 1400
Atlanta, Georgia 30309
Telephone:   (404) 817-6000
Facsimile:    (404) 817-6050

**ATTORNEYS FOR DEFENDANT
GLOVIS ALABAMA, LLC**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| SUKENIA MARSHALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GLOVIS ALABAMA, LLC, )<br>)<br>Defendant. )<br>)<br>) | Civil Action No. 2:06CV973-ID |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2008, a true and correct copy of the foregoing Response in Opposition to Motion to Defer Consideration of Motion for Summary Judgment was served on Plaintiff's counsel of record via the "Notice of Electronic Filing" that is automatically generated by the Court's Electronic Filing System, addressed as follows:

Dwayne L. Brown, Esq.
dbrown@dbrownatty.com
P.O. Box 230205
Montgomery, AL  36123-0205

_____
Chris Enloe